UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TONI MAXWELL, | 2:11-cv-01861-PMP-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.,* | **(Motion To Compel Discovery Responses #24)** |
| Defendants. | |

Before the court is plaintiff Toni Maxwell's Motion To Compel Discovery Responses. (#24). Defendants Allied Property and Casualty Insurance Company (hereinafter "Allied") and Nationwide Mutual Insurance Company (hereinafter "Nationwide") filed an Opposition (#25), and plaintiff filed a Reply. (#33).

**A.     Background**

On October 18, 2011, plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, asserting claims for breach of contract, bad faith, and unfair practices stemming from denial of insurance payment for a car accident she was involved in. (#1-1 "Exhibit A"). The action was removed to this court on November 18, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441. (#1). On January 10, 2012, the parties filed a discovery plan and scheduling order (#16), which the court signed on January 12, 2012. (#18). On February 8, 2012, the court signed the parties' Stipulated Confidentiality Agreement and Protective Order (#20), as modified by the court. (#21).

Plaintiff submitted her Request for Production of Documents and Tangible Things [First Set] on February 1, 2012. (#24). Plaintiff granted defendant Nationwide a one-week extension to respond. (#24-2 Exhibit 2). Nationwide provided its response on March 7, 2012. (#24). Plaintiff submitted her Request for Production of Documents and Tangible Things [Second Set] on April 27, 2012. *Id.* Nationwide provided its response on May 29, 2012. *Id.*

On July 12, 2012, plaintiff filed the instant motion to compel Nationwide to answer plaintiff's First and Second Requests for Production. *Id.* On July 30, 2012, defendants Nationwide and Allied filed an opposition to the motion to compel. (#25). On August 15, 2012, plaintiff filed a reply to defendants' opposition to the motion to compel. (#33). The court issued a minute order on September 11, 2012, scheduling a hearing for September 28, 2012. (#38). On September 19, 2012, the parties filed a joint stipulation to continue the hearing. (#39). The court issued an order on September 20, 2012, rescheduling the hearing for October 22, 2012. (#40). The court held the hearing on October 22, 2012. *Id.*

**B.     Arguments**

Plaintiff asks this court to compel Nationwide to provide plaintiff with (1) all documentation between Nationwide and its medical expert, Dr. Serfustini (Request for Production Nos. 9 and 10), such as "bills, invoices, checks or correspondence" (Request for Production No. 26); (2) Nationwide's tax returns for 2009-2011 (Request for Production No. 19); and (3) all documentation demonstrating Nationwide's "financial worth" (Request for Production No. 20). (#24).

**1.     Requests for Documentation Regarding Dr. Serfustini**

Plaintiff asserts Nationwide's responses to plaintiff's first request for production Nos. 9 and 10 were incomplete under Federal Rule of Civil Procedure 37(a)(4). *Id.* Plaintiff claims Nationwide's responses cited to documentation already produced, and argues this is insufficient to meet the requests. *Id.* Plaintiff alleges Nationwide has sent Dr. Serfustini documents that were not produced, and claims to

have located five other forms of such documentation. *Id.* Plaintiff alleges Nationwide is continuing to fail to respond to plaintiff's requests Nos. 9 and 10. *Id.*

Plaintiff asserts Nationwide's response to No. 26 of plaintiff's second request for production was incomplete under Fed. R. Civ. P. 34(a), as it was inaccurate, did not "forthrightly represent the nature of communications between" Nationwide and Dr. Serfustini, and "essentially denied [p]laintiff all that [p]laintiff requested." *Id.* Nationwide cited to its previously produced claim file and a supplemental privilege log as the only documents "it is willing to produce." (#24-5 Exhibit 5). Plaintiff argues this response "cited inapplicable privileges, recounted inapt and extraordinary hypothetical's [sic] pertaining to the nature of information contained therein, and cited to several pages of records previously disclosed." (#24).

Plaintiff also asserts Nationwide's response to No. 26 violates Fed. R. Civ. P. 26(b)(1), as it prevents plaintiff from pursuing arguments by refusing to provide documentation that plaintiff "reasonably believes will support its assertions." *Id.* Plaintiff claims Dr. Serfustini "makes a considerable living from being hired by insurance companies to conduct sham IMEs . . . that do not afford injured persons the proper nor the fair examination to which they are entitled" and his IME reports "further provide support for defendants' denials of payment." *Id.* Plaintiff alleges Nationwide is withholding documentation regarding those claims in order to prevent further follow-up. *Id.*

Plaintiff also alleges again that Nationwide is continuing to fail to respond to plaintiff's requests. *Id.* Plaintiff states that on May 17, 2012, Nationwide contacted Dr. Serfustini via an engagement letter, which was not produced in response to plaintiff's second request for production. *Id.*

Nationwide asserts in its opposition that the responses provided to plaintiff regarding Dr. Serfustini are sufficient. (#25). In addition to the documents previously given to plaintiff, Nationwide also provided supplemental responses with further documentation attached. (#25-7 Exhibit 7). Nationwide provided the "Engagement Letter" it sent to Dr. Serfustini and a CD-ROM containing a

chart "which reflects all matters for which Nationwide and its affiliates had retained Dr. Serfustini from 2007 through 2012 including the sums paid to Dr. Serfustini for each retention," and the 1099 forms regarding Dr. Serfustini for 2007-2012. *Id.* At Dr. Serfustini's deposition on July 17, 2012, his file for this action was also provided, which included "all correspondence, invoices, medical records and other records, such as deposition transcripts, that were part of Dr. Serfustini's review and evaluation." (#25). Nationwide states it has no copies of checks, but provided evidence of a payment(s) made to Dr. Serfustini, along with invoice copies. *Id.*

Nationwide also argues that plaintiff's second request for production No. 26 goes "far beyond documentation that is pertinent to Dr. Serfustini's retention by Nationwide" and is "significantly overbroad" because it has "no limitation in scope as to time, region or persons." *Id.* Nationwide asserts that NRS 49.225, NRS 686A.025(1), and HIPAA laws protect Nationwide from providing documentation regarding other patients. *Id.* Nationwide claims meeting plaintiff's request "defies these legal protections and obligations, and [p]laintiff has failed to state a compelling purpose for such a broad request." *Id.*

Nationwide alleges that plaintiff's requests are beyond the scope of Fed. R. Evid. 402. *Id.* Nationwide argues Dr. Serfustini's files regarding other patients and their claims will not establish plaintiff's claims. *Id.* Nationwide also notes that disputes about Dr. Serfustini's IME in this matter can be and already were discussed at Dr. Serfustini's deposition. *Id.* Lastly, Nationwide asserts that plaintiff "cites to absolutely no case law or statute which would allow [p]laintiff to compel production of private medical information of third parties." *Id.*

Plaintiff asserts in her reply that the duty of good faith and fair dealing requires defendants to "diligently search for and consider evidence that supports the insured's claim and not treat the [p]laintiff as an adversary."[1] (#33). Plaintiff claims Nationwide's engagement of Dr. Serfustini was a violation of

---

[1] Plaintiff cited to Nevada Jury Instructions (2011) 11 FD.9; *Egan v. Mut. of Omaha*, 598 P.2d, 452, 456-457 (Cal. 1979); Nevada Jury Instructions (2011) 11 FD.5; *Powers v. USAA*, 114 Nev. 690 (1998).

that requirement, and thus plaintiff needs the requests for correspondence to be more extensive in order to "address all cases in which Dr. Serfustini has testified on behalf of [Nationwide]." *Id.*

Plaintiff argues Nationwide "obfuscated in their responses to the discovery requests, asserting various inapplicable privileges, non-existent privacy rights and frivolous objections." *Id.* Plaintiff states that despite previous correspondence, Nationwide did not submit the supplemental responses to plaintiff's requests until the day after the instant motion was filed. *Id.* Plaintiff also notes that the "compiled list of documents of cases in which [defendants] have paid Dr. Serfustini" and the 1099 forms produced start only from 2007. *Id.* Plaintiff asserts her requests have no time limitation, and requests all documentation, not just the last five years. *Id.* Lastly, plaintiff claims she has not received some documents between Nationwide and Dr. Serfustini that Nationwide's "internal communications" indicate exist. *Id.*

### 2.    Requests for Documentation Regarding Nationwide's Finances

Plaintiff asserts Nationwide's responses to plaintiff's first request for production Nos. 19 and 20 were incomplete under Fed. R. Civ. P. 37(a)(4). (#24). Plaintiff also argues Nationwide cited inapplicable case law[2] and did not fully represent the holding of the case law and its application to the action. *Id.*

Nationwide asserts in its opposition that the responses provided to plaintiff regarding Dr. Serfustini are sufficient. (#25). In addition to the documents previously given to plaintiff, Nationwide also provided supplemental responses with further documentation attached. (#25-7 Exhibit 7). Nationwide provided a CD-ROM containing Nationwide and Allied's 2009, 2010, and 2011 Annual Reports. *Id.*

Nationwide further asserts in its opposition that the requests regarding its financial affairs are improper. (#25). Nationwide contends that since its financial documents are irrelevant to plaintiff's claims, the provided annual reports from 2009-2011 are sufficient. *Id.* Nationwide argues the request

---

[2] Nationwide cited to *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

for "any and all documents evidencing [Nationwide's] financial worth" is "clearly irrelevant, overbroad, vague and unduly burdensome and no further response should be compelled." *Id.* Nationwide again argues that plaintiff's requests are beyond the scope of Fed. R. Evid. 402 as irrelevant evidence. *Id.* Nationwide also asserts that under NRS 42.005(1) and (5), relevant evidence for plaintiff's punitive damages claim would pertain to "'malice, oppression or fraud' by Nationwide in handling [p]laintiff's claim," not documents pertaining to Nationwide's finances. *Id.*

Nationwide also asserts that at a trial, its financial condition is inadmissible "to determine the general and special damages, if any, which should be awarded to a [p]laintiff."[3] *Id.* Nationwide claims "the concept of punitive damages" renders its financial information irrelevant.[4] *Id.* Nationwide further argues that its "tax returns and 'other financial information'" are beyond the scope of the restrictions the Supreme Court placed on evidence allowed to support punitive damages.[5] *Id.*

Lastly, Nationwide asserts that even if financial information and documentation are relevant, the annual reports provided are sufficient, so additional requests are "overbroad, burdensome, and harassing." *Id.* Nationwide claims it has made a good faith attempt to satisfy plaintiff's requests. *Id.* Nationwide also argues plaintiff lacks any "legal or factual basis to support" the requests, as there is no justification of relevance or "relationship to the claims alleged." *Id.* Nationwide asserts plaintiff has not met "the burden of demonstrating 'a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence.'"[6] *Id.* Nationwide claims plaintiff's only reason to request financial documents "is to burden and harass Nationwide by onerous requests which are overbroad, hopelessly vague and completely irrelevant." *Id.*

Plaintiff asserts in her reply that her attorney "is not an economist" and thus needs further documentation in order to clearly determine Nationwide's "financial worthiness at the time of assessing

---

[3] Nationwide cited to *In re USA Commer. Mortg. Co.*, 2010 U.S. Dist. LEXIS 127433 (D. Nev. 2010) and *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 11 Cal.App.3d 1220, 1241 (1991).
[4] Nationwide cited to *Bongiovi v. Sullivan*, 122 Nev. 556, 580-82 (Nev. 2006).
[5] Nationwide cited to *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).
[6] Nationwide cited to *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 FRD 641, 651 (N.D. Ill. 1994).

punitive damages." (#33). Plaintiff claims that under Fed. R. Civ. P. 26(b)(1), Nationwide's tax returns are not outside the realm of discovery regarding the bad faith insurance claim. *Id.* Plaintiff asserts that she seeks Nationwide's tax returns not for an "improper purpose," but rather to establish Nationwide's "financial condition." *Id.*

### C. Relevant Law/Discussion

Rule 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense" or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*.

Pursuant to Rule 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In addition, Rule 37(a)(4) provides "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Pursuant to Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if another party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

The court finds that documents from the past five years pertaining to Dr. Serfustini's cases through and correspondence with Nationwide, as well as certain financial documentation relating to

Nationwide's current financial worth, are relevant to plaintiff's claims that Nationwide acted in bad faith and engaged in unfair practices, warranting punitive damages. *See* Fed. R. Civ. P. 26(b); *Oppenheimer Fund*, 437 U.S. at 351. Such information is discoverable. *Id.*

The court grants plaintiff's request for (1) all documentation between Nationwide and its medical expert, Dr. Serfustini, but limits the request to a five year period (November 1, 2007, through October 31, 2012). Defendants must also produce all generic correspondence between Dr. Serfustini and Nationwide during that period. During the hearing, the parties agreed to meet and confer regarding how much correspondence and documentation plaintiff seeks. The court ordered defendants to propose a budget for the costs associated with retrieving the documents. Plaintiff will be responsible for seventy-five percent (75%) of those costs. The parties may request a conference call with the undersigned Magistrate Judge if they cannot agree on a reasonable budget for producing the documents. Unless further disclosure is permitted by court order, only plaintiff's attorney may review these documents.

With regard to the financial documentation, the court recognizes the significance of the confidential nature of some of these documents. The parties also agreed during the hearing to meet and confer within two weeks to agree upon a balance sheet or financial operating statement. The statement will include Nationwide's income, expenses, and net profit. The defendants were also ordered to submit the finalized, agreed-upon statement under seal to the court. It is in the interests of both parties to have the statement under seal now; it will then be readily available if and when the matter reaches the punitive damages phase, so defendants will not have to find and present it immediately at that time. Having resolved those issues, the court denies without prejudice plaintiff's request for (2) Nationwide's tax returns for 2009-2011 and (3) all documentation demonstrating Nationwide's "financial worth."

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff's Motion To Compel Discovery Responses (#24) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that, on or before November 5, 2012, defendants must file under seal Nationwide's agreed-upon financial documents.

IT IS FURTHER ORDERED that the parties will proceed with discovery in accordance with the court's orders as set forth above.

DATED this 1st day of November, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE